# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50076
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLAYTON ERIC CLAFLIN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CR-359-1

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Clayton Eric Claflin, who faces a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), challenges the district court's order that he be forcibly medicated to restore his competency to stand trial. He argues that the district court failed to properly analyze the factors outlined in *Sell v. United States*, 539 U.S. 166 (2003). For the first time on appeal, he argues that three special circumstances undermine the Government's interest

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50076

in prosecuting him: (1) if he were not forced to take medication, he would likely be confined in a mental hospital which would address the need for public safety and thus attenuate the seriousness of the offense and the Government's interest in prosecuting him; (2) the length of his pretrial detention lessens the importance of the Government's interest in prosecuting him because, by his estimation, he will have already served more than the likely guideline sentence that would be imposed if he were convicted; and (3) if medicated, he would be unable to present his defense that he believed that his conduct was not unlawful because it was directed by law enforcement, and he was acting in his role as a government informant.

We are not persuaded that the district court committed plain error in this regard. *See Puckett v. United States*, 556 U.S. 129, 140 (2009). First, Claflin's "potential for future confinement affects, but does not totally undermine," the governmental interest in prosecution. *Sell*, 539 U.S. at 180. His evaluating doctors opined that he was not likely to be a danger to himself or others, which makes it unlikely that he would be subject to civil commitment. Second, in terms of his likely sentence, there is a strong potential for an upward variance given Claflin's stated intentions of killing a federal agent as well as personnel at a hospital where he had been a patient. Even if it were determined that Claflin had already served his likely sentence, such a circumstance does not defeat the Government's interest in prosecuting him. *See id.* There is a strong interest in protecting the public from the potential harmful conduct of Claflin as this is not the first time that he has threatened physical harm and death to others. *See United States v. Palmer*, 507 F.3d 300, 303-05 (5th Cir. 2007). Finally, nothing about being restored to competency to stand trial would prevent Claflin and his counsel from presenting an insanity offense as insanity and competency to stand trial are different legal

No. 16-50076

characteristics. *See United States v. Fratus*, 530 F.2d 644, 646-649 (5th Cir. 1976).

Claflin also challenges the district court's determination that involuntary medication is substantially likely to render him competent to stand trial. He claims that the record does not support that any antipsychotic drug would be effective to restore his competency and that his lengthy mental health history makes it unlikely that he can be restored to competency. The district court's determination on this *Sell* factor is a factual finding which is reviewed for clear error. *Palmer*, 507 F.3d at 303.

Our review of the record reveals no clear error in the district court's factual findings. The doctor in charge of Claflin's case testified that he believed Claflin would respond to antipsychotic medication when administered over sufficient time. Claflin's history also shows that he responds well to antipsychotic medication, but he refuses to adhere to any regimen in taking the medication. Accordingly, Claflin has failed to show that the district court erred in its analysis of this *Sell* factor.

Based on the foregoing, the district court did not err plainly or otherwise in determining that Claflin's involuntary medication under *Sell* is necessary to further important governmental interests and that involuntary medication would restore Claflin's competency to stand trial. The judgment of the district court is, therefore, AFFIRMED.